IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:15-cr-156
                                                                   Also 3:20-cv-259

                                                                  District Judge Thomas M. Rose
-  vs  -                                 Magistrate Judge Michael R. Merz

LERONTAE WILLIAMS,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

    This criminal case is before the Court on Defendant Lerontae Williams' Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 46), brought with the assistance of Attorney Alan Gabel.

    Mr. Gabel was appointed by Magistrate Judge Sharon L. Ovington in her capacity as Chair of the Criminal Justice Act Committee for the Dayton seat of court, pursuant to General Order 20-13, and a list prepared by the Federal Public Defender of those persons serving sentences from this Court who might be eligible for relief under *United States v. Davis*, 139 S. Ct. 2319 (2019)(ECF No. 42).

    As a collateral attack on a criminal judgment, the Motion to Vacate is referred to the undersigned pursuant to General Order Day 13-01.  Final disposition of the Motion remains with District Judge Thomas M. Rose.

    Mr. Gabel asserts Williams is in fact entitled to relief under *Davis*.

1

Rule 4 of the Rules Governing § 2255 Motions provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

**Litigation History**

Lerontae Williams was indicted by the grand jury for this District on November 10, 2015, and charged as follows: (Count One) conspiring to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence in violation of 18 U.S.C. § 1951; (Count Two) actually obstructing, delaying, and affecting commerce and the movement of articles and commodities in commerce by robbery and threats of physical violence in violation of 18 U.S.C. § 1951; (Count Three) knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, to wit, interference with commerce through robbery (18 U.S.C. § 1951) in violation of 18 U.S.C. §§ 924 (c) (1) (A) (ii) and 2 and *Pinkerton v. United States,* 328 U. S. 640 (1946); (Count Four) obstructing, delaying, and affecting commerce and the movement of articles and commodities in commerce by robbery and threats of physical violence in violation of 18 U.S.C. § 1951; and (Count Five) knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, to wit, interference with commerce through robbery (18 U.S.C. § 1951) in

2

violation of 18 U.S.C. §§ 924 (c) (1) (A) (ii) and 2 and *Pinkerton v . United States,* 328 U. S. 640 (1946).

On March 1, 2016, Williams entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts Two, Three, and Four (ECF No. 24, PageID 85). Judge Rose accepted Williams' plea the next day and, having considered a presentence investigation report, sentenced Williams to sixty months each on the Hobbs Act violations, to be served concurrently (Counts Two and Four) and a consecutive eight-four months for the brandishing a firearm violations (Count Three)(ECF Nos. 37 and 38). Judgment was entered July 1, 2016, and became final fourteen days later when Williams took no appeal.

## Analysis

**Jurisdiction**

This is Williams' first § 2255 motion, so he does not require permission to file from he Sixth Circuit under 28 U.S.C. § 2244(b) and this Court has jurisdiction to consider the Motion.

**Limitations**

28 U.S.C. § 2255(f) provides

> A one-year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Williams' Motion would be barred under § 2255(f)(1) because he did not file before July 15, 2017. He claims the benefit of § 2255(f)(3) because his Motion was filed within one year of the decision in *Davis* which was July 24, 2019.  That claim is ratified by the Sixth Circuit's recent decision in *In re Franklin,* 950 F.3d 909, 910 (6th Cir. 2020).

**Merits**

Although Williams' Motion is timely, it is without merit.  He claims his

>sentence was imposed in violation of the Constitution because it was predicated on the residual clause pursuant to 18 U.S.C. 924(c)(3)(B) defines a "crime of violence" as a felony offense "that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is unconstitutionally vague and violated due process.

(Motion, ECF No. 46, PageID 175, citing *Davis*, 139 S. Ct. at 2324-2336.)  Williams asserts that "The underlying "crime of violence" listed in the § 924(c) count was Count three." *Id.* at PageID 169.  However, that is not accurate.  Count Three, the § 924(c) count

to which Williams pleaded guilty, lists as the underlying crime of violence Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Indictment, ECF No. 12, PageID 58).

Because *Davis* invalidated the definition of "crime of violence" in the so-called "residual" clause (18 U.S.C. § 924(c)(3)(B)), Williams correctly asserts that his § 924(c) conviction can stand only if the underlying "crime of violence" satisfies the so-called elements clause (18 U.S.C. § 924(c)(3)(A)).  Under the Hobbs Act,

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).  As charged in Counts Two and Four in this case, Williams was accused of violating the Hobbs Act by "robbery and threats of physical violence."  By pleading guilty to those counts as charged, Williams admitted those elements.  The Sixth Circuit has held:

> A conviction under § 1951(b)(1) requires a finding of "actual or threatened force, or violence, or fear of injury, immediate or future." Section 1951(b)(1) clearly "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" as necessary to constitute a crime of violence under § 924(c)(3)(A).

*United States v. Gooch,* 850 F.3d 285, 291-92 (6th Cir. 2017).  Thus the Hobbs Act violation to which Williams pleaded guilty satisfies the elements clause of § 924(c)(3) and Williams' conviction is not rendered invalid by *Davis*.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 24, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.