IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,   :  Case No. 3:15-cr-156

               District Judge Thomas M. Rose
- vs -           Magistrate Judge Michael R. Merz

LERONTAE WILLIAMS,

      Defendant.  :

## REPORT AND RECOMMENDATIONS

  This criminal case is before the Court on the filing by Defendant Lerontae Williams of his Memoranda [sic] of Law in Support of Habeas Corpus 28 U.S.C. § 2255 (ECF No. 53). The Court construes this filing as a motion to vacate under 28 U.S.C. § 2255.

  Williams previously filed a Motion to Vacate under 28 U.S.C. § 2255 which was automatically referred to the undersigned under the Dayton General Order of Reference. Motions to Vacate are no longer automatically referred to Magistrate Judges in this District (See General Order 22-05). However, District Judge Rose has directed the undersigned to consider the matter under the prior order of reference.

1

**Case History**

Lerontae Williams was indicted by the grand jury for this District on November 10, 2015, and charged as follows: (Count One) conspiring to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence in violation of 18 U.S.C. § 1951; (Count Two) actually obstructing, delaying, and affecting commerce and the movement of articles and commodities in commerce by robbery and threats of physical violence in violation of 18 U.S.C. § 1951; (Count Three) knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, to wit, interference with commerce through robbery (18 U.S.C. § 1951) in violation of 18 U.S.C. §§ 924 (c) (1) (A) (ii) and 2 and *Pinkerton v . United States,* 328 U. S. 640 (1946); (Count Four) obstructing, delaying, and affecting commerce and the movement of articles and commodities in commerce by robbery and threats of physical violence in violation of 18 U.S.C. § 1951; and (Count Five) knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, to wit, interference with commerce through robbery (18 U.S.C. § 1951) in violation of 18 U.S.C. §§ 924 (c) (1) (A) (ii) and 2 and *Pinkerton v . United States,* 328 U. S. 640 (1946).

On March 1, 2016, Williams entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts Two, Three, and Four (ECF No. 24, PageID 85). Judge Rose accepted Williams' plea the next day and, having considered a presentence investigation report, sentenced Williams to sixty months each on the Hobbs Act violations, to be served concurrently (Counts Two and Four) and a consecutive eight-four months for the brandishing a firearm

violations (Count Three)(ECF Nos. 37 and 38). Judgment was entered July 1, 2016, and became final fourteen days later when Williams took no appeal.

Williams filed a Motion to Vacate under 28 U.S.C. § 2255 on June 23, 2020 (ECF No. 46). The undersigned recommended dismissal of the Motion because it did not state a claim for relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). Although represented by appointed counsel, Williams did not object to the recommendation and it was adopted by Judge Rose (ECF No. 49). Williams took no appeal and the judgment became final on the last day on which he could have appealed, October 5, 2020. Williams filed the instant Motion *pro se* on June 20, 2023, the date on which he avers he deposited it in the prison mail system (ECF No. 53, PageID 195).

**Analysis**

**Second or Successive Motion**

28 U.S.C. § 2255 (h) provides that a second or successive motion under § 2255 must be certified by the court of appeals to contain newly discovered evidence or be based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was not previously available.

Williams' instant motion to vacate is his second. The Magistrate Judge concludes it is not successive, however, because the case on which he relies, *United States v. Taylor,* 142 S. Ct. 2015 (2022), was not decided until June 2022 and thus was not available as a predicate for § 2255 relief while his first motion to vacate was pending. *In re Jones,* 652 F.3d 603 (6th Cir. 2010). Because

3

the instant claim is not successive, Williams does not need authorization from the Sixth Circuit to proceed and this Court need not transfer the case to the Sixth Circuit for its pre-filing evaluation.

**Merits**

Part of Williams sentence is eighty-four months imprisonment, consecutive to the rest of his sentence, for brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(2)(Judgment, ECF No. 38, PageID 137).  He claims he is entitled to vacation of that portion of his sentence because the United States Supreme Court has held in *United States v. Taylor,* 142 S. Ct. 2015 (2022), that conspiracy to commit a violation of the Hobbs Act is not a crime of violence.  The actual holding in *Taylor* is that attempted Hobbs Act robbery is not a crime of violence.

Williams, however, was not convicted of either conspiracy to commit Hobbs Act robbery or an attempt to commit Hobbs Act robbery.  Rather, he pled guilty to completed Hobbs Act robberies as charged in Counts Two and Four of the Indictment (Plea Agreement, ECF No. 24, PageID 86; Minutes, ECF No. 25).  Hobbs Act robbery is categorically a crime of violence within the meaning of 18 U.S.C. § 924(c).  *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017), followed in *United States v. Carpenter*, 2018 U.S. Dist. LEXIS 72821 (S.D. Ohio May 1, 2018).  Other circuits have unanimously held the same.  Hobbs Act robbery and armed bank robbery both qualify as crimes of violence under the elements clause definition in § 924(c)(3)(A).  That is to say, Hobbs Act robbery contains as an element the actual use of violence, whereas Hobbs Act conspiracy does not.

4

Therefore Williams is not entitled to relief under 28 U.S.C. § 2255 and the instant motion for that relief should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 17, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ Michael R. Merz<br>United States Magistrate Judge