# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,  :  Case No. 3:15-cr-156
                            Civil Case No. 3:20-cv-259

                            District Judge Thomas M. Rose
- vs -                      Magistrate Judge Michael R. Merz

LERONTAE WILLIAMS,

           Defendant.  :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant Lerontae Williams" Objections (ECF No. 55) to the Report and Recommendations recently filed in this case (the "Report," ECF No. 54). District Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 56).

As part of the judgment in this case, Williams was ordered to serve eight-four months imprisonment, consecutive to his other sentences, on his plea of guilty to Count Three of the Indictment (Judgment, ECF Nos. 37, 38). Count Three reads:

COUNT THREE
[18 U.S.C. § 924{c) (1) (A) (ii)]

4. On or about September 27, 2015, in the Southern District of Ohio, defendants LERONTAE WILLIAMS and GREGORY GIBSON,

1

> aiding and abetting each other, knowingly used, carried and brandished a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States - namely, interference with commerce through robbery, in violation of Title 18, United States Code, Section 1951.
>
> In violation of Title 18, United States Code, Sections 924 (c) (1) (A) (ii) and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

(Indictment, ECF No. 12, PageID 58).

Williams' instant Motion to Vacate under 28 U.S.C. § 2255 seeks relief from his sentence on Count Three because the Supreme Court held in *United States v. Taylor*, 142 S. Ct. 2015 (2022), that conspiracy to commit Hobbs Act robbery is not a crime of violence. That is an accurate statement of the holding in *Taylor*, but the Report recommends denying the Motion to Vacate because

> Williams . . . was not convicted of either conspiracy to commit Hobbs Act robbery or an attempt to commit Hobbs Act robbery. Rather, he pled guilty to completed Hobbs Act robberies as charged in Counts Two and Four of the Indictment

(Report, ECF No. 54, PageID 215, quoting Plea Agreement, ECF No. 24, PageID 86; Minutes, ECF No. 25).

Williams objects: "The magistrate appears to believe Williams firearm conviction was based on a 'completed' Hobbs Act Robbery. However, as evidenced by the attached exhibit, Williams Plea Agreement was based on Conspiracy to Commit Hobbs Act robbery which has been declared not a crime of violence." As proof, Williams attaches what purports to be page 2 of the docket in this case as printed on May 18, 2023 (ECF No. 55-1, PageID 221).

Upon examination of the electronic original, the Magistrate Judge finds Williams' exhibit is a true and accurate copy of the relevant page of the docket. However, the docket does not

accurately reflect the Indictment. The **docket** summaries the indictment as charging a conspiracy to violate the Hobbs Act in Counts One, Two, and Four. However, the Indictment itself charges a Hobbs Act conspiracy in Count One, but completed Hobbs Act robberies in Counts Two and Four (ECF No. 12, PageID 57-59.) It was Counts Two and Four of the Indictment as returned by the grand jury, not the Indictment as docketed by the Clerk, to which Williams agreed to plead guilty (Plea Agreement, ECF No. 24, PageID 85). It was Counts Two, Three, and Four of the Indictment as returned to which Williams actually pleaded guilty (Minutes, ECF No. 25).

The Report agrees with Williams that the Sixth Circuit requires a categorical approach in interpreting the violence element in 18 U.S.C. § 924 (Report, ECF No. 54, PageID 215, citing *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017), and in *United States v. Carpenter*, 2018 U.S. Dist. LEXIS 72821 (S.D. Ohio May 1, 2018). But *Gooch* holds that Hobbs Act robbery satisfies that requirement. The holding in *Taylor* is limited to inchoate Hobbs Act offenses – conspiracy and attempt.

Williams' Objections should therefore be overruled and the Clerk instructed to enter judgment dismissing with prejudice Williams' second Motion to Vacate (ECF No. 53). Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 17, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

3

objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
